■ In the Matter of RICHARD E. FUIERER et al., Respondents, v CONNOR MORRIS et al., Appellants.—Order unanimously reversed, without costs, and petition stayed until January, 1981. Memorandum: Because for years respondents, Town Assessors of the Town of Murray, had only changed the assessments on the properties in the town when the properties were sold, the changes being based upon the latest sale prices, in June, 1977 petitioners filed a protest, asserting not inequality, overvaluation or incorrect exemption of their assessment, but only inequality of all town assessments for failure of respondents to assess all properties in the town at 100% of their true value, pursuant to section 306 of the Real Property Tax Law. Respondents denied the protest and filed the town tax roll on August 3, 1977. On August 11, 1977 section 306 of the Real Property Tax Law was amended, effective immediately (L 1977, ch 888, § 1), to provide that "any assessing unit which in good faith initiates such a physical revaluation of all its real property, or where a county initiates such a physical revaluation on behalf of such assessing unit * * * and is actively carrying out such revaluation, shall not be required to complete and file a final assessment roll in compliance with the standard of assessment of this section through December thirty-first, nineteen hundred and eighty." On August 25, 1977 petitioners instituted this proceeding under article 7 of the Real Property Tax Law, seeking an order requiring (1) that the assessment of all property in the town, the assessment of which has since 1965 been increased upon transfer by sale, be restored to its original amount, (2) that increased assessments be declared null and be stricken, and (3) that the town be enjoined to obtain a complete and comprehensive reassessment of all properties therein without delay and cease its prior assessment practice. In accordance with the above amendment of section 306 of the Real Property Tax Law, the Town Board of the Town of Murray adopted a resolution on September 12, 1977 that it "proceed to implement 100% revaluations of all real property in the Town under § 306 of the Real Property Tax Law as amended". Because of the magnitude and estimated expense of such revaluation project, the town sought action by the county. On August 6, 1977 the county adopted a resolution applying for CETA funds to enable it to reappraise all properties in the county. This proceeding came on for argument before Special Term on October 12, 1977. Respondents called to the court's attention that by the Laws of 1977 (ch 887, § 2) the Legislature had directed that by January 1, 1978 the State Board of Tax Administration adopt standards for implementing new real estate assessment policies, and informed the court that the town and county expected to proceed in accordance therewith to complete revaluation by December 31, 1980. Nevertheless, Special Term ordered that the Town of Murray apply to the County of Orleans for priority for comprehensive reassessment and that, if such were not forthcoming, the town proceed at its own expense to assess all town properties no later than December 31, 1978; and it is from that order that respondents appeal. By the Laws of 1978 (ch 163, § 1) effective May 23, 1978, section 306 of the Real Property Tax Law was further amended to provide "*that whether or not pursuant to court order, final or otherwise, any assessing unit which in good faith initiates a physical revaluation of all*

its real property, or where a county initiates such a physical revaluation on behalf of such assessing unit * * * and is actively carrying out such revaluation, shall not be required to complete and file a final assessment roll in compliance with the standard of assessment of this section through December thirty-first, nineteen hundred eighty *whether or not an earlier date for such completion had been established by final court order or judgment"* (emphasis added). The record shows that at the time of Special Term's order respondents had proceeded under section 306 of the Real Property Tax Law to revalue the properties in the town as expeditiously as reasonably possible after the law's amendment in 1977, and had demonstrated their good faith in such endeavor. Since entry of such order, section 306 has been further amended as above quoted, and respondents have submitted further evidence of timely advancement of the work of such revaluation. We conclude that respondents are in compliance with the letter and spirit of section 306 of the Real Property Tax Law, and that Special Term's order was improvidently made. (Appeal from order of Orleans Supreme Court—Real Property Tax Law, art 7.) Present—Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.